**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| **OWNERS INSURANCE COMPANY,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO.** |
| | : | **3:05-cv-48 (CAR)** |
| v. | : | |
| | : | |
| **PATRICIA JOYCE BRYANT, a.k.a.** | : | |
| **JOYCE BRYANT; DANNY** | : | |
| **HERRMANN; VINCE GEIGER;** | : | |
| **DIVERSIFIED DEVELOPMENT CO.;** | : | |
| **JON DOE 1; JOHN DOE 2; and** | : | |
| **JOHN DOE 3,** | : | |
| | : | |
| **Defendants.** | : | |

***ORDER ON MOTION TO DISMISS, MOTION TO ADD PARTIES, AND MOTION TO BE EXCLUDED FROM THE SCHEDULING AND DISCOVERY ORDER***

Before the Court is Defendants Danny Herrmann's, Vince Geiger's, and Diversified Development Company's Motion to Dismiss. [Doc. 7]. Defendants argue that the Court should dismiss this case for lack of subject matter jurisdiction because the amount in controversy requirement arising under 28 U.S.C. § 1332(a) has not been met. For the reasons stated below, Defendants' Motion to Dismiss [Doc. 7] is **DENIED**.

Also before the Court is Plaintiff's Motion to Add Parties [Doc. 15] through which Plaintiff seeks to add Oakwood Estates Associates, LLC, Jimmy Glaze, Nancy Glaze, and Michael Bryant as defendants. Defendants Hermann, Geiger, and Diversified Development Company have filed a response [Doc. 17] arguing that the Court should not entertain Plaintiff's motion because the Court lacks subject matter jurisdiction over the case. For the reasons stated below, Plaintiff's Motion to Add Parties [Doc. 15] is **GRANTED**.

Finally, before the Court is Defendant Patricia Joyce Bryant's Motion to be Excluded From the Scheduling and Discovery Order. [Doc. 29]. Defendant's motion is unopposed. For the reasons stated below, Defendant's motion is **GRANTED IN PART and DENIED IN PART**.

### BACKGROUND

Owners Insurance Company ("Owners") filed this action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201. Owners seeks a determination from this Court that it has no duty to defend or indemnify any of the defendants for claims arising out of a lawsuit pending in the Superior Court of Walton County ("the underlying suit").

The underlying suit was brought by Defendant Patricia Joyce Bryant against Defendant Hermann, Defendant Geiger, and others. In the lawsuit, Ms. Bryant seeks damages as well as a temporary and permanent injunction arising from the alleged deposit of mud, mulch, garbage, and debris in Bryant's lake or retention pond. In particular, Ms. Bryant seeks to recover damages for the reduction in value of her property, the costs of restoring the lake, emotional pain and suffering, and attorneys' fees. Ms. Bryant has testified that the costs of restoring the lake would include dredging the lake, restocking it, and hiring an expert to test the lake to ensure that the efforts to restore the lake, once taken, are successful. Ms. Bryant also has testified that she seeks to recover punitive damages. Ms. Bryant, however, did not allege a specific dollar amount of her damages in the underlying complaint.

**DISCUSSION**

**I.     DEFENDANTS' MOTION TO DISMISS**

The Court first considers the Motion to Dismiss filed by Defendants Herrmann, Geiger, and Diversified Development Company.[1] Defendants argue that the Court must dismiss this case because it lacks subject matter jurisdiction.

This case was brought in this Court pursuant to 28 U.S.C. § 1332, the diversity jurisdiction statute. Under that statute, a district court has jurisdiction over any civil action where (1) the parties are "citizens of different states," and (2) "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a).  There is no question that the parties in this case are diverse.   Rather, Defendants argue that the Court lacks subject matter jurisdiction because Plaintiff has failed to prove that the amount in controversy exceeds $75,000.

In a declaratory judgment action, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective. Federated Mut. Ins. Co. v. McKinnon Motors, 329 F.3d 805, 807 (11th Cir. 2003).  The plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).  Where, as here, an insurer seeks a determination that it has no duty to defend a separate, underlying lawsuit, the court may take

---

[1] As a threshold matter, the Court notes that Plaintiff filed a response to Defendants' motion [Doc. 10] and Defendants replied to the response [Doc. 11]. Plaintiff then filed a "Supplemental Brief in Opposition to Motion to Dismiss" [Doc. 23]. This Court will construe this pleading as a sur-reply. The Local Rules for the Middle District of Georgia clearly state that briefing of any motion or issue concludes when the movant files a reply brief. See Rule 7.3.1. Sur-reply briefs are not favored, and a party desiring to file a sur-reply must seek leave to do so in writing. Plaintiff did not request permission to file its sur-reply brief; therefore, the Court will not consider it.

into account not only the recovery sought in the underlying suit, but also the "pecuniary value of the [insurer's] obligation to defend the separate lawsuit." Stonewall Ins. Co. v. Lopez, 544 F.2d 198, 199 (5th Cir. 1976); Owners Ins. Co. v. James, 295 F. Supp. 2d 1354, 1359 (N.D. Ga 2003).

Normally, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Federated Mut., 329 F.3d ast 807. However, where, as here, the plaintiff in the underlying action fails to specify the total amount of damages demanded, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Id.; see also Williams v. Best Buy Co, 269 F.3d 1316, 1319 (11th Cir. 2001).

A party's burden of proof may be satisfied if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. Williams, 269 F.3d at 1319.[2] If it is not facially apparent from the complaint that the amount in controversy is met, the court may consider other evidence relevant to the amount in controversy at the time jurisdiction was invoked. Id. Conclusory allegations that the amount in controversy is satisfied are insufficient to satisfy the burden of proving jurisdiction. Id. However, the burden of proof may be satisfied if the party seeking to invoke jurisdiction sets forth specific underlying facts supporting his assertion that the amount in controversy is met. See id.

Though Ms. Bryant has not specified an amount of damages, the Court is satisfied that

---

[2] Though the Williams case involved a removal action, and not a declaratory judgment action, the Eleventh Circuit has recognized that these two contexts are analogous for purposes of determining whether the amount in controversy requirement is met. Federated Mut,. 329 F.3d at 807 n.1.

Owners has met its burden of proving that the amount of controversy exceeds $75,000. Owners has provided specific information supporting its contention that Mrs. Bryant's damages will exceed $75,000.  Owners has provided a copy of Ms. Bryant's complaint in the underlying action and has pointed to portions of her deposition testimony, both of which establish that Ms. Bryant seeks to recover the lost value of her property as well as damages for restoration of her lake.  Ms. Bryant's deposition testimony further establishes that she expects the restoration of her lake to include dredging, restocking, and testing it.  Though neither Owners nor Ms. Bryant has specified a dollar amount, the Court notes that the "preponderance of the evidence" standard does not require a party to "research, state, and prove" a plaintiff's claim for damages.  Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072-77 (11th Cir. 2000).  Owners can hardly be expected to hire experts to provide an estimate of the lost value of Ms. Bryant's property or the cost of restoring her lake.

Given the usual cost of such services, the Court finds it more likely than not that the cost of these services, along with the lost value of Ms Bryant's land, and the cost to Owners of defending the underlying action, will exceed $75,000.  Finally, the Court notes that Ms. Bryant, herself, has admitted in her Answer to Owners's Complaint that the amount in controversy exceeds $75,000.

Because the Court finds that Owners has established by a preponderance of the evidence that the amount in controversy exceeds $75,000, Defendant's Motion to Dismiss is **DENIED**. Having determined that this Court has subject matter jurisdiction, the Court now considers Owners's Motion to Add Parties. [Doc. 15].

## II.     PLAINTIFF'S MOTION TO ADD PARTIES

Plaintiff has filed a Motion to Add Parties [Doc 15] through which it seeks to add Oakwood Estates Associates, LLC ("Oakwood"), Jimmy Glaze, Nancy Glaze, and Michael Bryant as defendants. Plaintiff's motion is premised on the fact that Ms. Bryant twice amended her complaint in the underlying lawsuit after Owners filed the present action. In her first amended complaint, Ms. Bryant added Oakwood as a defendant. In her second amended complaint, Ms. Bryant added the Glazes and Michael Bryant as plaintiffs. Owners argues that Oakwood, the Glazes, and Michael Bryant should be added as parties to this action pursuant to Rule 19 of the Federal Rules of Civil Procedure. In the alternative, Owners seeks to add the parties under Rule 20.

Rule 19 of the Federal Rules of Civil Procedure provides for the joinder of necessary parties. Rule 19 provides, in part, that:

> A person ... shall be joined as a party in the action if ... the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

The Eleventh Circuit has recognized that a tort claimant is a necessary party to a declaratory judgment action between an insurer and an insured for the purposes of Rule 19. See Ranger Ins. Co. v. United Hous. of N.M., Inc., 488 F.2d 682, 683 n.3 (5th Cir. 1974); Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981); see also Am. Safety Cas. Ins. Co. v. Condor Assocs., 129 Fed. Appx. 540, 542 (11th Cir. 2005) (discussing Ranger and suggesting that the district court would have erred in failing to follow it). In Ranger, the district

court reasoned that an absent tort claimant was a necessary, and indeed indispensable, party to a declaratory judgment action because if not joined, it would be bound by the *stare decisis* effect of a judgment, or may be forced to litigate the effect of such a judgment in the underlying lawsuit.

For the same reasons, a co-defendant named in an underlying action is a necessary party to a declaratory judgment action between an insurer and an insured. Like an absent tort claimant, an absent co-defendant will be forced to contend with the *stare decisis* effect of a judgment in this case. Furthermore, an absent co-defendant may have an interest in the outcome of the action insofar as the judgment may affect its ability to obtain contribution from an uninsured joint tortfeasor. O.C.G.A. §§ 51-12-31, -32; see also Charles R. Adams, Georgia Law of Torts § 1-3.1(f) (2006 ed.) (discussing the effect of the 2005 Georgia Tort Reform Act on joint and several liability and contribution).

Therefore, because the Court finds the parties Plaintiff seeks to add in this case to be necessary parties under Rule 19, Plaintiff's Motion to Add Parties [Doc. 15] is **GRANTED**. It is hereby **ORDERED** that Oakwood Associates LLC, Jimmy Glaze, Nancy Glaze, and Michael Bryant be added to this case as defendants.

### III.   DEFENDANT'S MOTION TO BE EXCLUDED FROM THE PROPOSED SCHEDULING ORDER

Defendant Bryant has filed a Motion to be Excluded From the Proposed Scheduling and Discovery Order. [Doc. 29]. This motion is unopposed. Ms. Bryant requests to be excluded from participating in discovery in this matter because the focus of this declaratory judgment action is whether the insurance policy issued by Plaintiff provides coverage to Defendants Diversified, Herrmann, and Geiger for the claim Ms. Bryant made against those defendants in

the underlying action.

The Court will excuse Ms. Bryant from active participation in discovery; however, Ms. Bryant is advised that to the extent applicable, she will still be bound by the deadlines in the Scheduling and Discovery Order.  Therefore, Ms. Bryant's motion is **GRANTED IN PART and DENIED IN PART**.

**CONCLUSION**

Based on the foregoing, Defendants' Motion to Dismiss [Doc. 7] is **DENIED**; Plaintiff's Motion to Add Parties [Doc. 15] is **GRANTED**; and Defendant's Motion to be Excluded from the Proposed Scheduling and Discovery Order [Doc. 29] is **GRANTED IN PART and DENIED IN PART**.  It is further **ORDERED** that Oakwood Associates LLC, Jimmy Glaze, Nancy Glaze, and Michael Bryant be added to this case as defendants.

**SO ORDERED**, this 9th day of January, 2006.

                                                S/ C. Ashley Royal
                                                C. ASHLEY ROYAL, JUDGE
                                                UNITED STATES DISTRICT COURT

AEG/ssh